# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
F & E AIRCRAFT MAINTENANCE (MIAMI), LLC, a Delaware corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TREJO, JESUS, an individual, on behalf of himself and all others similarly situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/01/2023 3:08 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court, County of Los Angeles
Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
23STCV26730

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Blake R. Jones, Blake Jones Law, PC, 355 S. Grand Ave., Suite 2450-#2502, Los Angeles, CA 90071 (323) 576-3221

DATE: November 1, 2023         Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Fecha)*                      *(Secretario)* __J. Covarrubias__ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1  Blake R. Jones (SBN 211221)
   blake@blakejones.law
   **BLAKE JONES LAW, PC**
2  355 South Grand Avenue
   Suite 2450 - #2052
3  Los Angeles, CA 90071
   Tel: (323) 576-3221
4
   Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/01/2023 3:08 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| TREJO, JESUS, an individual, on behalf of himself and all others similarly situated;<br><br>                    Plaintiff,<br><br>v.<br><br>F & E AIRCRAFT MAINTENANCE (MIAMI), LLC, a Delaware corporation; and DOES 1 through 10, inclusive;<br><br>                    Defendants. | CASE NO.: 23STCV26730<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Minimum Wages [Labor Code §§ 1194, 1194.2, 1197.1];**<br>2. **Failure to Pay Overtime [Labor Code §§ 510, 1194, 1198];**<br>3. **Failure to Provide Meal Periods [Labor Code §§ 226.7, 512]**<br>4. **Failure to Provide Rest Periods [Labor Code § 226.7]**<br>5. **Failure to Pay Sick Pay at Correct Rates [Labor Code § 246]**<br>6. **Waiting Time Penalties [Labor Code §§ 201-203]**<br>7. **Failure to Provide Accurate Wage Statements [Lab. Code § 226(a)]; and,**<br>8. **Unlawful Competition/Unlawful Business Practices [Bus. & Prof. Code § 17200 et seq.]**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff JESUS TREJO on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action as a Class Action pursuant to California Code of Civil Procedure section 382 on behalf of himself and all other current and former non-exempt California employees of Defendant F & E AIRCRAFT MAINTENANCE (MIAMI), LLC, and DOES 1 through 10, inclusive (collectively "Defendants"). This action arises from Defendants' unlawful employment practices, including failing to pay these employees minimum wages and overtime for all hours worked, failing to provide them with compliant meal and rest periods, failing to reimburse them for business expenses, failing to timely pay them all wages upon separation of employment, and failing to provide them with accurate wages statements.

2. All allegations in this Compliant are based upon information and belief except those allegations specifically pertaining to Plaintiff and/or his counsel, which are based upon personal knowledge. Each allegation in this Compliant has evidentiary support and/or is likely to have evidentiary support after reasonable opportunity for further investigation and formal discovery.

3. Defendants have engaged in a systematic pattern of wage and hour abuse towards Plaintiff and other current and former non-exempt employees by denying them specific rights afforded to them under California law, including the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Order.

4. At all relevant times, Defendants maintained uniform and consistent policies and practices of:

    a. failing to pay Plaintiff and similarly situated employees minimum wages for all hours worked;

    b. failing to pay Plaintiff and similarly situated employees overtime wages;

    c. failing to provide Plaintiff and similarly situated employees compliant meal periods and to pay meal period premiums;

    d. failing to provide Plaintiff and similarly situated employees compliant rest

2
CLASS ACTION COMPLAINT

periods and to pay rest period premiums;

e. failing to pay Plaintiff and similarly situated employees sick pay at the correct rates;

f. failing to timely pay Plaintiff and similarly situated former employees all wages that were due and owing upon separation of employment; and,

g. failing to provide Plaintiff and similarly situated employees with accurate wage statements.

## JURISDICTION AND VENUE

5. Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil Procedure 395(a). Defendants conduct business in Los Angeles County, maintain offices, transact business, and/or have an agent in Los Angeles County. Defendants employed Plaintiff and similarly situated employees, and committed the unlawful activities subject to this Complaint, in Los Angeles County.

6. This Court has jurisdiction over this matter because the value of the claims of each individual member of the classes stated herein are less than the seventy-five ($75,000) jurisdictional threshold for federal courts. No federal question is at issues, as the claims pled are solely based on California law.

## THE PARTIES

7. Plaintiff JESUS TREJO is, and at all relevant times, was a resident of Los Angeles County, California.

8. Defendant F & E AIRCRAFT MAINTENANCE (MIAMI), LLC, is a Delaware limited liability company, which provides aircraft maintenance for Spirit Airlines at Los Angeles International Airport and other airports in California and across the country.

9. The true names and capacities of Defendants sued herein as DOES 1-10, inclusive, are currently unknown to Plaintiff, who therefore sues them by such fictious names under Code of Civil Procedure section 474. Plaintiff is informed and believes that each of the Defendants designated as a DOE is legally responsible in some manner for the unlawful acts alleged. Plaintiff

3
CLASS ACTION COMPLAINT

will seek leave of court to amend this Complaint to reflect the true names and capacities of Defendants designated as DOES when those identities become known.

10. At all relevant times, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendant's acts alleged herein was done with the permission and consent of each of the other Defendants.

## GENERAL ALLEGATIONS

11. Plaintiff was employed by Defendants as a non-exempt employee from approximately December 2022 – September 2023.

12. During his employment, Defendants failed to pay Plaintiff minimum wages for all hours that he worked. Among other things, Defendants failed to pay Plaintiff for time spent conducting mandatory drug testing. Plaintiff was also subjected to thirty-minute auto-deducted meal periods each workday, regardless of whether he received any meal period or a meal period that was shorter than thirty minutes. Plaintiff is also informed and believes that Defendants engaged in time shaving or non-neutral rounding of his work hours.

13. Similarly, Defendants did not pay Plaintiff for all overtime hours that he worked. In addition to the foregoing unlawful practices, Defendants did not pay Plaintiff for daily overtime; and only paid overtime when his recorded work hours exceeded forty hours per week. Defendants also failed to properly include "training time" in the total work hours when calculating overtime. When Defendants paid Plaintiff overtime, they did so at the wrong rates. In particular, Defendants failed to include "ER Cost of" and other forms of non-discretionary pay into the regular rate when calculating his overtime rate.

14. During his employment, Defendants failed to provide Plaintiff with compliant meal periods. Plaintiff was frequently subjected to late, interrupted, shortened or no meal periods. Defendants did not record the time when Plaintiff received his meal periods. Instead, they created false time records that automatically clocked Plaintiff out for work for precisely thirty-minutes and

precisely at the end of the fifth hour of work.

16. Similarly, Plaintiff did not receive compliant rest periods during his employment. He was frequently required to take shortened, interrupted or no rest periods.

16. Defendants did not pay Plaintiff meal and rest period premiums. Plaintiff is informed and believes that when Defendant paid meal and rest period premiums to similarly situated employees, Defendants paid them at the wrong rates, by failing to include "ER cost of" and other non-discretionary pay into the regular rates.

17. During his employment, Defendants failed to pay Plaintiff sick pay at the correct rates. In particular, Defendants failed to calculate sick pay using any of the methods set forth in Labor Code section 246 and did not include "ER cost of" and other non-discretionary pay into the regular rates.

18. During his employment, Defendants failed to issue Plaintiff accurate wage statements. Among other things, his wage statements failed to correctly state his total hours worked, rates of pay, and regular and overtime hours.

19. Defendants failed to timely pay Plaintiff all wages that were due and owing immediately upon his termination of employment. As discussed herein, Plaintiff was owed additional minimum wages, overtime, and meal and rest period penalties, which remain unpaid.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of himself, and all others similarly situated as a Class Action pursuant to Code of Civil Procedure section 382. The Class that Plaintiff seeks to represent is defined as: <u>All non-exempt employees who were employed by Defendants in the State of California at any time in the four-year period preceding the filing of this Complaint</u>.

21. Plaintiff reserves the right under California Rules of Court, Rule 3.765(b) to amend or modify the class definition with greater specificity or to further divide the Class into subclasses.

22. Defendants have engaged in the same unlawful acts and omissions described herein with respect to each member of the Class during the Class Period.

23. This action may be maintained as a class action pursuant to Code of Civil

1. Procedure section 382 because there is a well-defined community of interest among many persons, and it is impractical to bring individual suits before this Court.

24. **Ascertainable Class**: The potential members of the Class are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

25. **Numerosity:** The potential members of the Class are so numerous that joining all members would be impractical and unfeasible. The disposition of their claims in a single lawsuit will benefit both the parties and the Court. The number of Class members is unknown to Plaintiff, who is informed and believes that the Class exceeds fifty individuals.

26. **Typicality:** The claims of Plaintiff are typical of the claims of Class members, because Plaintiff and Class members were subjected to the same violations of the Labor Code and applicable IWC Wage Order committed by Defendants, and they sustained similar injuries and damages arising out of Defendants' common policies and practices.

27. **Adequacy:** Plaintiff is an adequate representative of the Class, will fairly protect the interest of Class members, has no interests antagonistic to the members of the Class, and will vigorously pursue the suit. Plaintiff's attorney is competent, skilled and experienced in litigating employment law class actions.

28. **Superiority:** Class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable or feasible, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. All Class members have been damaged by the unlawful policies and practices discussed herein. A class action will allow the Class members to determine the legality of these uniform policies and practices in a single lawsuit, which is the most efficient and economical process for the Court and the parties.

29. The predominating common questions or law in fact include:

   a. whether Defendants paid Class members minimum wages for all hours worked;

   b. whether Defendants paid Class members overtime for all overtime hours

worked;

      c.      whether Defendants provided Class members with compliant meal periods;

      d.      whether Defendants provided Class members with compliant rest periods;

      e.      whether Defendants paid Class Members for sick pay at the correct rates;

      f.      whether Defendants timely paid Class members who are former employees all wages upon separation of employment; and,

      g.      whether Defendants provided Class members with accurate itemized wage statements; and,

      h.      whether Defendants engaged in unfair competition.

30.    All of the acts and omissions committed by Defendants as alleged herein were intentional and willful because Defendants were advised by counsel as to these unlawful practices and there is no good faith dispute concerning the validity of these practices.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Failure to Pay Minimum Wages for All Hours Worked)**
**[Plaintiff and Class Against Defendants]**

31.    Plaintiff incorporates each of the preceding paragraphs of this Complaint.

32.    California Labor Code section 1194 provides that "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

33.    California Labor Code section 1197.1 provides in relevant part that "[i]n any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

34.    Defendants failed to pay Plaintiff and Class members minimum wages for all hours

1  worked. Among other things, Defendants failed to pay them for time spent conducting mandatory
2  drug testing, time spent working during auto-deducted meal periods and work hours that were
3  shaved or rounded down.

4  35. As a result, Plaintiff and the Class have been damaged and have not been paid
5  minimum wages for all hours they worked.

**SECOND CAUSE OF ACTION**
**(Failure to Pay Overtime)**
**[Plaintiff and Class Against Defendants]**

8  36. Plaintiff incorporates each of the preceding paragraphs of this Complaint.

9  37. California Labor Code section 510(a) provides in relevant part that "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

17  38. California Labor Code section 1198 provides that "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

22  39. The applicable IWC Wage Order, Section 3(A) requires employers to pay non-exempt employees (1) one and one half times the employee's regular rate of pay for all hours worked in excess of eight hours up to and including twelve hours in any workday, and for the first eight hours worked on the seventh consecutive day of work in a workweek, and (2) double the employee's regular rate of pay for all hours worked in excess of twelve hours in any workday and for all hours worked in excess of eight hours on the seventh consecutive day of work in a

8
CLASS ACTION COMPLAINT

workweek.

40. Defendants failed to pay Plaintiff and Class members overtime for all overtime hours that they worked. In addition to the foregoing unlawful practices, Defendants did not pay them for daily overtime; and Defendants only paid overtime when their recorded work hours exceeded forty hours per week. Defendants also failed to properly include "training time" in the total work hours when calculating overtime. When Defendants paid overtime, they did so at the wrong rates. In particular, Defendants failed to include "ER Cost of" and other forms of non-discretionary pay into the regular rate when calculating his overtime rate.

41. As a result, Plaintiff and the Class members have been injured and have not been paid overtime for all of the overtime hours that they worked.

**THIRD CAUSE OF ACTION**
**(Failure to Provide Meal Periods)**
**[Plaintiff and Class Against Defendants]**

42. Plaintiff incorporates each of the preceding paragraphs of this Complaint.

43. Labor Code section 512(a) provides "[a]n employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

44. The applicable IWC Wage Order, section 11(A) similarly provides that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30-minute meal period, the

9
CLASS ACTION COMPLAINT

meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the- job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

45. The applicable IWC Wage Order, section 11(B) provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

46. Labor Code section 226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

47. Labor Code section 226.7(b) provides that "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee s regular rate of compensation for each work day that the meal or rest period is not provided."

48. Defendants failed to provide Plaintiff and Class members with an opportunity to take compliant meal periods. Plaintiff and the Class members frequently received late, interrupted, shortened or no meal periods. Defendants did not record the time for meal periods. Instead, they created false time records that automatically clocked Plaintiff and the Class members out for work for precisely thirty-minutes and precisely at the end of the fifth hour of work.

49. Defendants did not pay Plaintiff and Class Members premium pay for all of these non-compliant meal periods. When Defendants did so, Defendants paid them at the incorrect rates by failing to include "Cost of ER" and other forms of non-discretionary pay into the regular rates of pay.

50. As a result, Plaintiff and Class members were injured and did not receive the meal

period premium pay to which they are entitled.

**FOURTH CAUSE OF ACTION**
**(Failure to Provide Rest Periods)**
**[Plaintiff and Class Against Defendants]**

51. Plaintiff incorporates each of the preceding paragraphs of this Complaint.

52. The applicable IWC Wage Order section 12(A) provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

53. The applicable IWC Wage Order section 12(B) provides that "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

54. Labor Code section 226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

55. Labor Code section 226.7(b) provides that "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee s regular rate of compensation for each work day that the meal or rest period is not provided."

56. Defendants failed to provide Plaintiff and Class members with an opportunity to take compliant rest periods. Plaintiff and the Class Members often received shortened, interrupted or no rest periods.

57. Defendants did not pay Plaintiff and Class Members premium pay for all of these

11
CLASS ACTION COMPLAINT

non-compliant meal periods. When Defendants did so, Defendants paid them at the incorrect rates by failing to include "Cost of ER" and other forms of non-discretionary pay into the regular rates of pay.

58. As a result, Plaintiff and Class members have been injured and did not receive the rest period premium pay to which they are entitled.

**FIFTH CAUSE OF ACTION**
**(Failure to Pay Sick Pay at Correct Rates)**
**[Plaintiff and Class Against Defendants]**

59. Plaintiff incorporates the preceding paragraphs of the Complaint.

60. Labor Code section 246(l) requires that employers pay non-exempt employees for sick pay using one of the following calculations: (a) paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek; or (b) paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

61. During the Class Period, Defendant failed to calculate and pay Plaintiff and the Class members for sick days using one of these statutorily required calculations.

62. As a result, Plaintiff and the Class members have been injured and have not received the full amount of sick pay to which they are entitled.

**SIXTH CAUSE OF ACTION**
**(Waiting Time Penalties)**
**[Plaintiff and Class Against Defendants]**

63. Plaintiff incorporates the preceding paragraphs of the Complaint.

64. California Labor Code section 201(a) provides in relevant part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

65. California Labor Code section 202(a) provides in relevant part that "if an employee not having a written contract for a definite period quits his or her employment, his or her wages

12
CLASS ACTION COMPLAINT

shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

66. California Labor Code section 203(a) provides that where an employer willfully fails to timely pay an employee his or her final wages in compliance with these statutes, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

67. Defendants failed to timely pay Plaintiff and Class Members who are former employees all wages that they earned upon separation of employment. Among other things, Defendants failed to pay Plaintiff and Class members for the off-the-clock work, overtime, and meal and rest period premiums discussed herein.

68. Plaintiff is informed and believes that Defendants acted willfully in failing to timely pay Plaintiff and Class members their final wages as Defendants did so intentionally without any good faith dispute regarding the timing or amount of such final wages.

69. As a result, Plaintiff and Class members who are former employee are entitled to recover waiting time penalties pursuant to Labor Code section 203.

**SEVENTH CAUSE OF ACTION**
**(Failure to Provide Accurate Wage Statements)**
**[Plaintiff and Class Against Defendants]**

70. Plaintiff incorporates the preceding paragraphs of the Complaint.

71. An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. (Labor Code § 226(a).)

72.  Defendants failed to provide Plaintiff and the Class Members with accurate wage statements in violation of Labor Code section 226(a). Among other things, Employer failed to correctly list the total hours worked, regular hours worked, overtime hours worked and correct rates of pay.

**EIGHTH CAUSE OF ACTION**
**(Unfair Competition)**
**[Plaintiff and Class Against Defendants]**

73.  Plaintiff incorporates the preceding paragraphs of the Complaint.

74.  Defendants' employment acts, omissions and practices discussed herein further constitute unlawful, unfair and/or fraudulent business acts or practices withing of California Business and Professions Code section 17200.

75.  As a result of Defendants' unlawful, unfair and/or fraudulent business acts or practices, (1) Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations under the California Labor Code and applicable IWC Wage Orders; and (2) Plaintiff and Class Members have been injured and have lost wages and other compensation as described herein.

76.  Accordingly, Plaintiff seeks to enjoin Defendants' unlawful, unfair and/or fraudulent business acts or practices and seeks restitution to restore to her all money which she has been denied.

///

14
CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief on behalf of herself and the Class members as follows:

(1) for an order that this lawsuit be certified as a class action;

(2) for an order that Plaintiff be appointed the class representative;

(3) for an order that undersigned counsel for Plaintiff be appointed class counsel;

(4) for compensatory damages according to proof;

(5) for liquidated damages according to proof;

(6) for statutory and other available penalties according to proof;

(7) for an order requiring Defendants to make restitution of all amount wrongfully withheld from Plaintiff and the Class as a result of Defendant's unlawful, unfair or fraudulent employment acts and practices;

(8) for an order enjoining Defendants from further engaging in their unlawful, unfair or fraudulent employment acts and practices;

(9) for prejudgment interest as permitted by laws;

(10) for attorneys' fees and costs incurred in prosecuting this action; and,

(11) for such further relief that the Court deems appropriate.

Dated: November 1, 2023                             **BLAKE JONES LAW, PC.**

By: _____
Blake R. Jones
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on claims where a jury is allowed.

Dated: November 1, 2023          **BLAKE JONES LAW, PC.**

By: _____/s/ Blake R. Jones_____
Blake R. Jones
Attorneys for Plaintiff